DUANE MORRIS LLP
Karineh Khachatourian (CA SBN 202634)
kkhachatourian@duanemorris.com
Patrick S. Salceda (CA SBN 247978)
psalceda@duanemorris.com
David T. Xue, Ph.D. (CA SBN 256668)
dtxue@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1134
Telephone: 650.847.4150
Facsimile: 650.847.4151

Attorneys for Plaintiff
NETAPP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NETAPP, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROSSROADS SYSTEMS, INC. <br><br> Defendant | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff NetApp, Inc. ("NetApp" or "Plaintiff"), by its attorneys, alleges as follows:

## NATURE OF THE ACTION

This is an action by Plaintiff for Declaratory Judgment against Defendant Crossroads Systems, Inc. ("Crossroads" or "Defendant"). NetApp seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent Nos. 7,051,147 ("the '147 Patent") and 7,987,311 ("the '311 Patent") (collectively the "patents-in-suit") to be not infringed.

## THE PARTIES

1. Plaintiff NetApp, Inc. is a Delaware corporation with its principal place of business at 495 East Java Drive, Sunnyvale, California 94089.

2. Defendant Crossroads is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas, 78759.

## BACKGROUND STATEMENT

3. NetApp brings this declaratory judgment action in response to accusations of infringement involving the '147 and '311 Patents levied against NetApp by Crossroads for products referenced in its "Concise Statement of Infringement" filed on April 9, 2014 in Civil Action No. 1:14-cv-149-SS currently pending in the Western District of Texas and attached hereto as Exhibit A. Neither the '147 nor the '311 Patents were asserted in Crossroads' Original Complaint, nor has Crossroads sought to amend its Original Complaint to include these patents.

4. Accordingly, NetApp brings this Declaratory Judgment action because an actual allegation of infringement has been made by Crossroads related to the patents-in-suit.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over NetApp's request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

6. Crossroads' allegations threaten actual and imminent injury to NetApp that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment.  Absent a declaration of non-infringement, Crossroads' continued wrongful assertions of infringement related to NetApp's products will cause NetApp harm.

7. This Court has general and specific personal jurisdiction over Crossroads because of its purposeful, systematic, and continuous contacts with California.  Crossroads sells products and services in California, including its StrongBox® product line and actively solicits customers in California by presenting at conferences such as Createasphere's Digital Asset Management Conference in Beverly Hills, California and the Hollywood Post Alliance Tech Retreat in Indian Wells, California.  Moreover, Crossroads maintains sales personnel in California and conducts business in this district.   This Court has personal jurisdiction over Crossroads for another reason: Crossroads has purposefully directed into California its enforcement activities regarding the patents-in-suit.  On information and belief, Crossroads's licensing and enforcement efforts in California have generated substantial revenues.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, inter alia, a substantial part of the events and omissions giving rise to the claims occurred here and because Crossroads is subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

9. Division assignment to the San Jose Division of the United States District Court for the Northern District of California is proper pursuant to Civil Local Rule 3-2(e) because this is both an Intellectual Property Action that arose in, among other places, Santa Clara County, and because a substantial part of the events giving rise to the claims occurred in Santa Clara County.

## FACTUAL ALLEGATIONS

10. Crossroads purports to be the owner of the '147 Patent.  The '147 Patent is entitled "Storage router and method for providing virtual local storage" and issued on May 23, 2006.  A copy of the '147 Patent is attached hereto as Exhibit B.

11. Crossroads purports to be the owner of the '311 Patent.  The '311 Patent is also entitled "Storage router and method for providing virtual local storage" and issued on July 26, 2011.  A copy of the '311 Patent is attached hereto as Exhibit C.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '147 Patent)**

12. NetApp incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

13. No claim of the '147 Patent has been or is infringed, either directly or indirectly, by NetApp or the purchasers of NetApp's products.

14. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Crossroads and NetApp to warrant the issuance of a declaratory judgment that NetApp has not infringed, and does not infringe, directly or indirectly, any claim of the '147 Patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '311 Patent)**

15. NetApp incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

16. No claim of the '311 Patent has been or is infringed, either directly or indirectly, by NetApp or the purchasers of NetApp's products.

17. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Crossroads and NetApp to warrant the issuance of a declaratory judgment that NetApp has not infringed, and does not infringe, directly or indirectly, any claim of the '311 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For entry of a declaration that NetApp products have not infringed and are not infringing, either directly or indirectly, any claim of the '147 or '311 Patents;

2. An order that Crossroads and each of its officers, employees, agents, attorneys, and any and all persons acting in concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against NetApp claiming that the '147, and '311 Patents are infringed or from representing that NetApp's products or their use by the purchasers of those

-3-

1  products infringe the '147, and '311 Patents;

2     3.    A declaration that this is an exceptional case under 35 U.S.C. § 285;

3     4.    An award to NetApp of its costs and attorneys' fees incurred herein; and

4     5.    For such other relief as the Court deems just and proper.

## JURY DEMAND

NetApp demands a trial by jury on all issues so triable.

DUANE MORRIS LLP

Dated: April 15, 2014    By:  /s/ *Karineh Khachatourian*
                                    Karineh Khachatourian
                                    Patrick S. Salceda
                                    David T. Xue

                                    Attorneys for Plaintiff
                                    NETAPP, INC.